May it please the Court, Amy Belsher from the New York Civil Liberties Union on behalf of the petitioners. This appeal concerns whether non-citizens in immigration detention can obtain class-wide relief for violations of their constitutional rights. The petitioners meet the key requirements under Rule 23b2, as issued here, because their claims challenge systemic failures in the government's custody hearing procedures on grounds that apply to the entire class, such that injunctive or declaratory relief would be appropriate as to each class member. So you're saying the district court should do a class certification analysis to figure out whether or not an injunctive relief claim meets the requirement for a class, even though the court can't provide any relief? Yes, Your Honor. The district court was required in this case to consider both the petitioners' very live claims for injunctive relief as well as their claims for declaratory relief in assessing the requirements of all— Well, we'll get to declaratory in a minute, but for the injunctive, it just seems strange. So the court is going to decide whether there's a class, even though it can't grant relief on that claim? Yes, Your Honor. And I think the Supreme— What's the best precedent for that? Biden v. Texas, the Supreme Court's recent decision, Your Honor, says very clearly that district courts maintain subject matter jurisdiction over claims for injunctive relief because the Supreme Court can still adjudicate those claims. But how does that work? How does it work procedurally? So the district court is going to transfer the case to the Supreme Court? No, Your Honor, and it's a good question when the Supreme Court has, until now, left unresolved and unexplained— But they've asked the same question. Yeah, so what are the answers to those questions? Justice Barrett has some thoughts, but what are your thoughts? Well, so I tend to agree with Justice Barrett's thoughts and her dissent in Biden v. Texas, where she notes that one potential path could be class-wide declaratory relief from the Supreme Court. Well, we'll get to the declaratory in a minute because I think that's a different animal under the Declaratory Judgment Act, but injunctive relief. Let's just imagine there's only—the only relief being sought is an injunction. So what—how does this play out for a court that can't grant that relief? Well, that is—that's not the case here, but to take Your Honor's hypothetical, if a class was only bringing claims for injunctive relief, the district court hypothetically in that case would deny that relief, and then it would be appealed up to the Supreme Court. I don't think— But would have to do the class certification analysis before it denies the relief? I believe so, Your— What does it mean to deny the relief? It's going to dismiss the claim? It's going to grant summary judgment? What's it going to be doing? I don't think that this court need to decide today as a practical matter what hypothetical future circumstances a district court might—what path the litigation might take to recognize that the Supreme Court said very clearly that absent some form of subject matter jurisdiction over—over the injunctive claims, the Supreme Court would never have jurisdiction to adjudicate them, which it very much does. And that's the structure of 1252F1 as the Supreme Court has interpreted it. So it's not our—it's Congress's thinking on how to adjudicate these types of claims under the INA. But what does a litigant do after the district court says, I can't grant you that relief? Statutorily, I can't. Appeal, Your Honor. Appeal. And then we would affirm and say, yes, you can't grant that relief. And then the Supreme Court, what, takes cert on that? Potentially, yeah. I think that they would have discretion to do that, yes. And I—I think that when—and I know Your Honor is not ready yet to talk about the declaratory relief piece, but I think what courts have found in considering classes brazing both types of claims is that really the declaratory relief, the class-wide declaratory relief is all the more relevant and all the more necessary because it would facilitate Supreme Court review of the injunctive claims, which remain live. And that's undisputed in this case. Well, then let's maybe switch to the declaratory relief. I don't want to jump—I don't want to monopolize this. Yeah. I mean, I have similar questions about how to proceed on injunctive relief, but I mean, so maybe I'll just ask it. But presumably, if decertification was inappropriate, it goes back to the district court and it's certified, and then the district court, which has subject matter jurisdiction, to consider the injunction question would—so it would answer the question, but deny relief as an unavailable remedy in its toolbox, or it would say not—or could it also say, although I don't have the ability to issue injunctive relief, I have the subject matter jurisdiction to conclude that injunctive relief would not be available, and then you would appeal on either of those grounds, I suppose. I think either would be a potential path the district court could take. I think, actually, Judge Nathan, your decision in Vasquez-Perez does something very similar, where you ruled that the class could be certified under Rule 23b-2 because they raised both injunctive claims for relief and declaratory claims for relief, but found that the district court in that case could not have issued the claims for injunctive relief. So I think that that would be the path. And as for those claims for declaratory relief, they very much satisfied the requirements for class certification under Rule 23b-2. I'm sorry to interrupt, but it seems to me that a district court doesn't have to do class certification before deciding to decline the jurisdiction under the Declaratory Judgment Act, right? I think that they are separate inquiries, Your Honor. But, I mean, effectively, that's what the district court did here, right? The district court, we believe one of the critical errors in that decision was the conflation of the two analyses. All right, but let me, so if the district court sort of had said, you know what? Rule 23 is hard, and it's complicated, and it's got a lot of pieces. I'm just going to tell you that I'm not going to exercise my discretion to grant the declaratory judgment, as the court has permitted to do, under the Declaratory Judgment Act. Wouldn't that end the whole thing? No, Your Honor, for two reasons. First, because the petitioner's claims, live claims for injunctive relief remain in the case pursuant to Biden v. Texas and are alone a basis for certification under Rule 23b-2. And second- Well, I mean, that goes back to the argument we've just been going in circles on. But what's the second point? And the second point is that the question under Rule 23b-2 is not whether the court should- I'm saying, before you, I'm saying, if the judge were to say, I'm not going to Rule 23, I'm going to tell you, at the motion to dismiss stage, that I'm not going to exercise my discretion under the Declaratory Judgment Act, that, you're saying the judge can't do that? The judge is obliged to do a Rule 23 analysis first? I think the question under Rule 23 is different than the question under the Declaratory Judgment Act. The Declaratory Judgment Act's question- Just answer my question. You're saying, you're not suggesting that the district court can't sidestep the Rule 23 and just decide that it's not going to, it's not going to grant the Declaratory Judgment, really? In this case, no, Your Honor. And that's because the question under the Declaratory Judgment Act is whether the court should exercise jurisdiction, and the question under Rule 23b-2 is whether it can enjoin or declare unlawful the claims that the petitioners bring. So whether the court can or should are two totally separate questions. That's because before I decide to grant the Rule 23 certification, I'm going to say, tell you up front, I'm not going to do this. And the court has that discretion, right? As to the ordering, I don't know that there's an exact case on point. I think taking that for granted even, the Rule 23b-2 analysis is still subject to reversal on the grounds that the petitioners have live claims for injunctive relief. So I'm not sure that much rides on the ordering of that analysis. No, but if the court, all right, but if the court says, I'm not going to get to the declaratory judgment, I just don't think it's appropriate, you're saying that the district court can't do that, still has to do a, if it's only a declaratory judgment claim, that's the only one that's allowed. You're saying the court would still have to do a Rule 23 analysis? I don't know that that situation has ever been presented to the district court, and it's not presented here. I think it happens a lot, actually. You have a lot of people who bring purported class actions, seeking declaratory relief. And district courts will just say, I've got a lot of discretion with declaratory judgments under the Declaratory Judgment Act. And this is not an appropriate case for it. In that hypothetical situation, Your Honor, I apologize, I'm just not sure I haven't looked into the case law on the order for that. I see that I'm out of time. No, no, go ahead, there's a lot of ground we need to cover. Can I ask you, since briefing the court issued a decision in Black v. Decker, I don't think we received 28 J letters. Do you want to address the import of that decision? Thank you, Your Honor. We don't believe that Black v. Decker has relevance here. The more relevant case for the statutory detention provision at issue here is Velasquez Court's recent decision in Velasquez-Lopez. But neither of those cases actually addresses the question presented here of what procedural due process requires at an initial custody hearing. Both of those cases address the question of at what point detention becomes so prolonged that a new bond hearing is necessary. And there the court did look at individualized factors to answer the question of whether a new bond hearing was required. But the Matthews analysis that the court would be conducting here and that the First Circuit conducted in Hernandez-Laura on this exact issue is a different one and looks at the generality of cases for people detained under Section 1226A, what process might be required. So the suggestion from the district court and the government in this case that class-wide relief is somehow inappropriate on procedural due process claims is incorrect for the reasons that we just discussed, and also because this court routinely upholds certification of procedural due process claims like these. Most recently in Barrows v. Becerra, we cite in our brief. So I do see I'm out of time if the court has no further questions. I'm happy to address the declaratory judgment, act, piece of the analysis, or reserve for rebuttal. Well, I think I'll give you a few more minutes. I mean, this is, I'm the presider, and I have some ability to give you more time. And I think I want to make sure you have a chance to develop that argument. Go ahead. Thank you, Your Honor. So the parties really didn't address the question of the declaratory judgment act's requirements below. The government raised for the first time on reply this idea that the declaration the petitioners were seeking in this case might be advisory. And as we've been discussing, the district court really based its decision on decertification, not on the declaratory judgment act. Although we've had some back and forth about whether it could have alternatively done that. But here, and neither party, for what it's worth, briefed Judge Sullivan your recent decision in Admiral Insurance Company, which really outlines the non-exhaustive, but the relevant factors to that analysis. Here, a declaratory judgment, class-wide declaratory judgment, would serve a useful purpose. Because it would clarify the legal question, the procedural due process question at the heart of this case. That has been the subject of much confusion and governs thousands of custody hearings in the western district every year. And would offer relief from uncertainty in a few ways, be useful to the petitioner class. Because it would permit class members to appear for their custody hearings with their rights already declared. And one critical error in the district court's decision is this assumption that the government just wouldn't change its procedures. Federal courts, when they declare what the law is, the federal government is generally presumed to change its procedures to comply with that. Now, are they required to? No, that's just a feature of declaratory relief. But that's not a barrier to its issuance. You have to be careful on that, because it makes your argument that a declaratory judgment is different than an injunction. So it'll lose a little force, because you're saying that as a practical matter, they're pretty similar. Concretely, the government would not be required, as a practical matter, to change its procedures. So would you issue a declaratory judgment, because maybe they will? No, because they're presumed to, Your Honor, and because not only would it allow class members and the government to appear for these custody hearings with their rights declared. But should the government choose not to change its procedures at all, something that it had done, by the way, for two years, pursuant to the district court's injunction, without ever expressing any difficulty in doing so. But even if it didn't change, just simply revert back to those procedures, declaratory relief would be beneficial, because class members could go back to the federal court, the federal courts, in an individual habeas, which section 1252 of 1 permits, and seek to obtain an injunction. Does that run you into the certification question directly, as to whether what a declaration would provide here would be indivisible and complete? If it's not coercive, and therefore not within the stripping provision, and it's up to the government to follow or not follow, and then its only effect then is a preclusive effect in an individual case. Looked at that way, looking at the certification question through that set of eventualities, do you have a problem on certification? On the question of whether one indivisible declaration? No, Your Honor, because the procedural due process question would have been fully and finally resolved through the class-wide declaratory relief. It would answer the question, plaguing the district courts of what process is actually required at these custody hearings. And the only question before a district court in an individual habeas petition, should one become necessary, is the substantive questions resolved and subject to res judicata. And so the only question potentially there is, if somebody's already received a hearing, whether there's prejudice. So you mentioned that the earlier, a few minutes ago, that the district, that the government raised for the first time the notion that any declaratory judgment would be advisory. But didn't the district court, and that that wasn't raised before the district court, but didn't the district court in its decision state that, quote, far from settling the issue and offering relief from uncertainty, the requested declaration would, quote, essentially be advisory in nature and only engender additional litigation. So didn't the court actually consider that? Yes, Your Honor, the court considered it. My point before was just that it hasn't been briefed, that the government raised it for the first time on reply. But it hasn't been, I mean, it is an issue that the court considered. So are you saying we can't consider it, because the district court did address it? I think Your Honors can consider it, and it's potentially relevant here, but the more appropriate course would be to remand on the class certification question, which were on both questions with instructions for the parties to proceed to the merits or to brief the issue more fully. The district court's finding that it might be potentially advisory, I think, misconstrues one of the factors that are relevant to the declaratory judgment act analysis, which is finality. And here, the legal issue would be finally and fully resolved between the parties. The question of whether further relief might be sought is just always true of declaratory relief. And that is a feature of it, not a barrier, once again, to its issuance. So that's built into the declaratory judgment act. Several courts, the Supreme Court, has recognized that. I don't think that that is what courts were thinking of in saying that, in including that factor in the declaratory judgment act analysis. I am very much over my time. So you've got two minutes for rebuttal, so we'll hear from Ms. Moran. Thank you. Maybe that's as tall as it goes. Okay. Good morning, your honors. May it please the court, Courtney Moran on behalf of the government. Is black letter law that a class action is an exception to the general rule that litigation is conducted by and on behalf of the individual name parties only. Contrary to Mr. Onosambo Hendo's apparent belief that he is entitled to class certification unless the government can prove otherwise, he has the burden to demonstrate throughout the litigation that class certification is warranted. Here, when deciding whether to maintain the rule 23B2 class, the district court first correctly acknowledged that it could not issue the injunctive relief sought. And then it reasonably decided that class-wide declaratory relief would not be an appropriate exercise of its discretion. Because there's no relief that could be available or could be appropriate for the class, which has to be considered under rule 23B2, the court decertified the class. There's no legal error in any of the district court's findings below. And because- Well, on the injunction, starting with the injunction question. Sure. Although how exactly it works, we don't know, but we know from the Supreme Court that injunctive relief is available by the Supreme Court, and so why isn't it error for the district court to say that there is no injunctive relief available? Well, the district court said that, the district court itself, that it couldn't issue the class-wide injunctive relief, and that's correct. And the saying that petitioners- Right, well, class-wide or not class-wide, right? I mean, regardless of class certification, the court is not in a position to grant the injunction being sought, right? Well, the class-wide injunctive relief would be barred. The injunctive relief as to this petitioner would have been moot, but if that hadn't been moot, then theoretically the court could grant injunctive relief as to one individual petitioner who's in removal proceedings. That's the one exception in 1252 F1, but his claims were moot, so that wasn't an issue. So the class-wide injunctive relief, so it sort of conflates the ideas to say that claims for injunctive relief are still available. That's not true. There are subject matter jurisdiction over the due process claims. That is true. That is what Biden v. Texas said in the Supreme Court, so that there's subject matter jurisdiction to assess the claims separately. Right, but why is there subject matter jurisdiction to assess the claims? Because the jurisdiction-stripping provision doesn't strip the Supreme Court of its power to issue injunctive relief, right? Because an individual could bring a due process claim, and a group of individuals could theoretically be certified for, or could have a class certified and have declaratory relief granted on the- The answer you gave Judge Sullivan tells us, because the jurisdiction-stripping provision expressly doesn't strip jurisdiction of individual claims, so of course there's subject matter jurisdiction to issue relief, which the district court has, because it hasn't been stripped. But that is not what the Supreme Court was talking about in Biden versus Texas, with respect to subject matter jurisdiction of the district courts, right? Well, in Biden v. Texas, the court was talking about subject matter jurisdiction over the claims, over the due process claims, so whether or not these bond hearing procedures are required. So for example, if there had been a petitioner that had live claims for relief, that petitioner could have had his own due process claim, and then also could have attempted to bring claims on behalf of the class. So theoretically, the court could have said, I'm granting relief as to this petitioner, but not to the class because I can't grant relief to the class. And then one party would maybe appeal that, and it would get up to the Supreme Court, and the Supreme Court could decide whether to grant injunctive relief as to the class. Another theoretical path is that, as what happened here, the court could say, I don't have authority to grant class-wide injunctive relief, so that's not an appropriate use of Rule 23b-2, because I can't grant this injunctive relief. So under Rule 23b-2, I'm going to assess whether class-wide declaratory relief is appropriate. And that wasn't a 1252 F-1 decision, right? That was only based on whether Rule 23 was satisfied. So if, again, theoretically, if the court had decided that Rule 23b-2 had been satisfied, it could have certified the class, it could have granted declaratory relief. And then one party could have appealed that up to the Supreme Court, and the Supreme Court could have addressed the injunctive relief question. But there's no error in the district court acknowledging Supreme Court precedent and the statute requiring it to, or saying that it does not have the authority to grant class-wide injunctive relief. Could the district court say, well, because the Supreme Court has authority to issue injunctive relief, I'll go through the class certification question on that assumption, that at some point injunctive relief is available. I conclude that it would be available, but I don't have the power to issue an injunction. So the relief being sought is denied, although the class would be certified if I had that power. I think that would be sort of essentially the definition of an advisory opinion. If the court is saying, I wish I could do this, but I can't. Not I wish I could do that, but there's steps in the analysis for class certification. Recognition that the Supreme Court has the power to issue injunctive relief would be relevant to the class certification question, even if the district, I mean, that's really the question. Why wouldn't that be relevant to the certification question, even if ultimately the district court can't itself issue that relief? Because the question under Rule 23b-2 is, the language of Rule 23b-2 says a court may certify a class if injunctive or corresponding declaratory relief would be appropriate for the class. So if it's not appropriate for the district court to grant that class-wide injunctive relief, then it can't be inappropriate for the court to deny class certification because it can't issue that relief. Otherwise, then the court would be, as Judge Sullivan was pointing out, would be certifying a class just for the purpose of denying relief to a class that cannot opt out of that class. When would a class ever be certified? You're basically saying then, under Supreme Court precedent, there could never be injunctive relief for a class. Because a district court could never certify a class, and therefore, the issue of whether the Supreme Court could issue injunctive relief would never be available. So you're basically saying, never injunctive relief for a class, only an individual. Well, so two points. First, 1252-F1 only prohibits injunctive relief as to the specified statutes within that. And so there are a lot of immigration statutes that are not mentioned within 1252-F1. But it bars class-wide injunctive relief to the statutes that are mentioned, including 1226A, which we're talking about here. But second, again, if the court certified the class for purposes of declaratory relief, which it did assess here, then that could be a theoretical path that would allow that case to get up to the Supreme Court, for the Supreme Court to address injunctive relief. But that's not required. But you concede that for purposes of the statutes that are covered, with the statute that's covered, there would be no effective way to certify a class in order to subsequently get injunctive relief? I think it's not appropriate, well, I guess it wouldn't be appropriate for a district court to certify a class for injunctive relief and then to deny injunctive relief to that class, because it lacks the authority to grant injunctive relief to that class. I suppose, I mean, theoretically, maybe that could be possible, but the question here is, did the district court- In determining whether the factors for class certification are appropriate. Well, the district court did consider that. The court did consider, it went through and said, as Mr. Anasamo-Hindo acknowledged to this court, that the district court could not grant the class-wide injunctive relief that he sought. So the district court said, you're right, I can't grant that injunctive relief. If the only issue before the district court, then, was whether class-wide declaratory relief would have been appropriate when if that was, if declaratory relief was the only relief that was available to the class. I think, if I understood Judge Nathan's question correctly, could a court say, I can't grant relief. And in assessing whether this case is appropriate for class certification, I can consider that while I can't grant injunctive relief, the Supreme Court could. I'm not sure that that would be, I think that would be sort of an advisory opinion. I'm not sure that that would be appropriate, and it's certainly not an abuse of discretion to not do that. The district court here did not abuse its discretion by saying, I cannot grant the class-wide injunctive relief. So that, so class-wide injunctive relief is off of the table when I'm thinking about rule 23 B2 considerations. And the petitioners acknowledged that repeatedly, that injunctive relief wasn't available from the district court. Well, if it's an error of law to say that decertification is required because injunctive relief is not available, then that would be an abuse of discretion. Now, we might argue whether it has to be available in the district court or it has to be available in the Supreme Court. But if it is available in the Supreme Court, if we were to conclude that that is the analysis that the court should go through in determining the certification question, and the district court made an error of law in not assessing it from the perspective of the ultimate availability, potential availability of injunctive relief, then that would be an abuse of discretion because it's an error of law. And I understand you disagree with the underlying premise that it is an error of law. But I suppose I just want to ask, if we think it is an error of law, that does make it an abuse of discretion, doesn't it? If there is an error of law, then that would be an abuse of discretion, yes. But you're correct, I don't think that that is an error of law. I think one of the critical points is that it also is, like, the Supreme Court maybe could decide to grant class-wide injunctive relief. That's not really even, there is a carve out within section 1252 F1 that says that no court can grant class-wide injunctive relief other than the Supreme Court. But that's not necessarily saying that the Supreme Court, that is something that the Supreme Court is going to do. And so, again, here, where petitioners were seeking summary judgment based only on their request for declaratory relief, for class-wide declaratory relief, and they acknowledged that the class-wide injunctive relief that they had previously received was no longer available from the district court. It was not an error for the district court to say, that relief is not appropriate. The question under Rule 23B2- I'm sorry, I guess I want to make sure I understand this. The district court didn't say that decertification is required. It decided that decertification was appropriate in light of the lack of a remedy. Correct, sorry, maybe I misspoken. No, I'm not actually playing off the question from Judge Nadek. But so, we're reviewing the district court's decision for abuse of discretion. So, if we were to affirm that it's not an abuse of discretion where the district court didn't have this ability to grant this remedy, that's not an abuse of discretion, then it can go to the Supreme Court. If the Supreme Court gets it and says, well, that was true in the district court, but it's not true here, does the Supreme Court then get to do a new Rule 23 analysis? They get to say, well, the district court couldn't grant this remedy, but we now can, and so we're going to reverse the district court and the Second Circuit, and I guess what? We'll now start handling the Rule 23 issue. They'll take facts, they'll become a fact finder, and decide whether or not the factors line up in favor of Rule 23 certification. I mean, in this case, I think that, I guess, could theoretically be possible, because the parties sort of stipulated to the facts for purposes of this briefing below. And then the district court did go through the Rule 23 factors for purposes of assessing whether declaratory relief as to the class would be appropriate. So, again, I suppose that's, I don't think that that would- Well, I don't think you or Ms. Belsher or any of us quite know exactly how this is going to play out in the Supreme Court. It's just sort of a weird thing to say that they are the only ones who have the ability to offer this relief. And the Rule 23, maybe the Rule 23 analysis turns on the availability of that relief. Well, it turns on when the district court is assessing whether to certify or decertify a class. The district court is assessing whether classified relief, either injunctive or declaratory relief, would be appropriate for the class. If class-wide injunctive relief is jurisdictionally barred, it is entirely within the district court's discretion to say that that class-wide injunctive relief is not appropriate for me to issue for the class. The court went on then to say- I suppose it textually turns on, well, what appropriate means then in 23, doesn't it? What do you think, I mean, I understand that the point you just made is the conclusion as to the certification question. But, I mean, really it's a debate about whether the availability of the relief at some point is what's relevant for the analysis of the appropriateness of the certification of the class. And I think you're ultimately making a textual argument about Rule 23, that it's not proper to look at that and only proper to look at what relief the district court can grant. Can you walk me through, if you would, if that's right, if it's a textual argument, and what text supports that? Right. I think that's borne out by all of the of this court's cases that acknowledge the district court's discretion to certify or decertify a class at any point in the litigation. Because whether a class should be maintained depends on whether that is an appropriate- whether the relief sought is appropriate as to the class. So it is, I think, again, it's entirely reasonable for the district court to make that assessment that it cannot issue the relief that is sought. So it's not appropriate to maintain that class for that relief. Again, otherwise, if the court had certified the class for purposes and then did- for purposes of injunctive relief, and then did the same analysis regarding why declaratory relief was not appropriate, it would have certified a class just to deny injunctive relief to a class of people who cannot opt out of a B-2 class. Just so that, theoretically, years from now, maybe the Supreme Court would take up this question and then decide that class-wide injunctive relief was appropriate. So that's a theoretical, possible path that I suppose the district court could have taken, but it is not an abuse of discretion for the district court to decline to do that, especially where this district court, it said that she thought that the government is wrong on the merits, right? So if there had been a path for her to certify the class and grant relief, then presumably that's what- that's what she would have done. But she acknowledged that it wasn't an appropriate exercise of her discretion, and there's no- there's no legal error in her declining to certify a class just to deny relief to the class. All right. Well, thank you very much. Thank you. Ms. Moran, we'll hear from Ms. Belcher for two minutes. Thank you, Your Honors. Two brief points on rebuttal. First is, with respect to the claims for injunctive relief, Section 1252 of 1 really requires the path that we now find ourselves limited by. And Justice Sotomayor, in- Olima and Gonzales, in a partial concurrence, partial dissent, really said it best in saying that to construe that statute as also prohibiting class-wide declaratory relief would leave many non-citizens with no effective remedy whatsoever. And that's really what the district court did here. The Rule 23b2 analysis asked whether conduct can be enjoined, and it doesn't say, can the district court enjoin that conduct? I think it's undisputed here that the conduct that the petitioners challenged can be enjoined as to the entire class, such that injunctive relief is appropriate as to the entire class. And if their claims were always dismissed, as Judge Nathan pointed, or was inquiring about, at the class certification stage, it's difficult to imagine- Well, as a class, but I mean, individuals. The due process issue could be vindicated, right? On an individualized basis, Your Honor, but- But it's not the only way to do it, and is it an abuse of discretion for the district court to say, I don't think that a class action is the best way to do this, since I can't even give the relief? We've got to wait for two other courts to intervene, and one of them to exercise discretion to take the case. To answer your last question first, I think it is legal error, and a misapplication of the standard under Rule 23b2, to say that injunctive relief is not available here, just because the district court can't issue that relief. The Supreme Court was very clear that- You think the district court didn't understand that the Supreme Court had the ability to issue injunctive relief? If you read the district court's opinion, Your Honor, the court says very clearly that it's undisputed that, between the parties, that injunctive relief is no longer relevant for purposes of Rule 23b2, but that is not true, and in our briefing below, we noted that the class was still maintainable under Rule 23b2, because of their claims for injunctive relief, and because of the Supreme Court's admonition in Biden v. Texas, that if courts were to dismiss those claims, too, at the class certification stage, the court would never have occasion to rule on them. It's difficult to see a case where it would actually even ever reach them. And so declaratory relief is not only necessary here, it's appropriate, and that's because the district court, in its analysis, considered irrelevant and improper factors, and committed several errors of judgment, as we've discussed. So I'm happy to address those, but I think with that, I'm out of time, and we'll rest my argument. Thank you very much. All right. Well, thank you both. It's a very interesting question. We will reserve decision.